People v Guillen (2020 NY Slip Op 00387)





People v Guillen


2020 NY Slip Op 00387


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10824 3568/13

[*1] The People of the State of New York, Respondent,
v
Carlos Guillen, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered September 29, 2016, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 25 years, held in abeyance, and the matter remitted for a hearing on defendant's CPL 330.30(2) motion in accordance with this decision.
The court improvidently exercised its discretion in denying, without a hearing, that branch of defendant's motion to set aside the verdict on the ground of alleged misconduct by two jurors (see CPL 330.40[2][f]).
The People's trial preparation assistant, who assisted the trial prosecutors, disclosed that some time after the trial and before sentencing, he received a handwritten note in the mail from the jury foreperson, stating: "Now that the trial is over . . ." (ellipsis in original), followed by the juror's first and last name, her juror number, the court part in which the trial had occurred, her phone number, and her address. The note also included a crossed-out phrase from which it could be inferred that the original version of the note had been written during the trial.
Under the circumstances, the note itself was sufficient evidence to raise an issue of fact about whether the foreperson's apparent romantic interest in the trial preparation assistant prevented her from deliberating fairly (see People v McGregor, __ AD3d __, 2019 NY Slip Op 08283 [1st Dept 2019]; see also People v Southall, 156 AD3d 111 [1st Dept 2017], lv denied 30 NY3d 1120 [2018]). The assistant's affidavit stating that he did not respond to the juror's note or otherwise communicate with her at any time is not dispositive, as the issue is the juror's misconduct or bias during the trial.
The court also erred with regard to a second juror. That juror had a sufficiently close relationship with a witness to warrant a hearing as to whether that juror engaged in misconduct by failing to disclose the relationship to the court.
Accordingly, we direct a hearing as to both jurors. At this stage of the appeal, we do not address defendant's remaining claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK